Good morning, your honors. William Tao for the Plaintiff Appellant, Katrina Rodriguez. You may begin. I would like to reserve five minutes before we vote. Okay, please watch the clock. As a threshold issue, plaintiff has not alleged an injury in fact. Simply stating that she lost money or property is insufficient to confer Article III standing. And if this court determines that there is no injury, then it should reverse the trial court and remand the action to state court. Alternatively, if this more fine plaintiff adequately alleges an injury in fact, such that it confers Article III standing, then plaintiff contends that it was error for the district court to grant summary judgment based on a two-year statute of limitations because there is disputed evidence as to whether plaintiff discovered when the background check was performed. The one-sentence allegation in and of itself that plaintiff lost money or property should have been insufficient and the trial court improperly concluded that this was sufficient to confer Article III standing, even though the district court even recognized that the FCRA causes of action themselves do not and cannot allege any economic harm. Yet, the district court nevertheless found that allegations of harm in a derivative claim was still sufficient to confer Article III standing. I want to understand your position. Your complaint alleged loss of property or money, right? That was in the derivative claim, correct, Your Honor. In the derivative claim, in the state law claim, if you will. That's correct, Your Honor. Okay. You disavow that when you file your motion for remand? At the time, we did not disavow it. Although, you know, we have re-evaluated it since then. And, you know, it is our position now that that claim should not have been filed. So, that's what I'm having some difficulty with. Is it your position that the complaint didn't meet Iqbal standards in alleging loss of money or property? Or is it your position that having re-evaluated it when you filed your motion for remand, you've now disavowed any claims for loss of money or property? Your Honor, I would say both, actually. I think, you know, if we actually look at the substantive claim itself, you know, a UCL claim requires that you actually lose money. In this case, you know, she was provided with a defective disclosure. Yeah, she got a job. She had it for several years. It's hard to see how she was injured at all. Maybe that's not necessary under California law. So, I'm just trying to figure out whether you think the judge erred by not looking at your initial claim and saying, gee, it's completely implausible. Or whether the judge erred by not accepting your later, in effect, implicit argument that, gee, now we've evaluated it and we don't think there's any loss of money or property. Your Honor, I would say that would be the former. I think at the time we had not made a decision that the claim was not a valid claim. But given the pleading, given the sparse allegation, I think we've always contended, even to this day, that the allegations itself do not rise to the level of actual alleging an injury in fact. Let me ask you this. If the complaint had done a more thorough statement of how Rodriguez lost money or property, perhaps a violation of her privacy rights because, like in Syed, she hadn't consented to the background check report, would that have been enough to confer what's standing here? I think if that were the fact, it could have. For example, if we had alleged that maybe the defendant had conducted a credit check and that credit check then resulted in her credit score being lowered, which then caused the price of getting a loan to rise, then perhaps under those circumstances that would be an actual injury. But those are not the facts in this case. And I think if we had fleshed it out more, if we had actually gone into the facts, we probably would not have been able to allege any other facts. Therefore, at that point, we probably would have made a decision that that cause of action should not have been pled. So I think at this juncture, we've taken a position that it was not adequately pled, but now we've also added to that that we do not believe that that claim should have been pled in the first place. Doesn't a court have to take the pleadings as they are when there is a removal? It's not like what you thought about later or a further reassessment? That is true, Your Honor. However, in this case, for Article III standing, the court has to determine whether there is even a plausible injury in fact. I think the complaint is clear that we allege that there was a defective form. So given just a defective form, it's hard to imagine how that in and of itself would have resulted in any kind of actual injury. Since you're now saying there was no actual injury, the district court dismissed the state claim under the futility doctrine, saying there's no point in sending it back because the state court would just dismiss it, although it did that on statute of limitations ground. Why wasn't the district court correct that it would be futile to remand it? It would not have been futile in this case to remand because the form itself actually has several defects. One, it actually contains a liability waiver, which is exactly what SIAD prohibits. The liability in this case is in the form of an acknowledgement. I acknowledge that I received a summary of rights. By acknowledging that you received something like that, it actually exculpates the employer from any liability in the event that any person were to sue the employer for not being provided with a summary of rights. So we believe that that operates as a liability waiver. There is also a reference to a California statute in that same acknowledgement. It acknowledges that the person received a summary of rights pursuant to California Civil Code 1782.22. That is under the California Investigative Consumer Reporting Agencies Act. So that certainly is extraneous to an FCRA because the FCRA is a federal law. And so there should not have been any kind of state-specific disclosures, which is exactly what Gilbert prohibits. As I read your briefing, it doesn't attack the dismissal of the state claim on the merits, does it? We do contend that the dismissal was error because the court basically, we believe that she inferred or construed the facts against the party. But I'm looking at your briefing and I'm trying to figure out where in your briefing you argue that, and let's assume that the district court had jurisdiction to consider the futility issue. Where is the argument in your briefing that the dismissal was wrong? In effect, the judge said the state claim would fail, so there's no reason to send it back. I see lots of stuff directed to the statute of limitations on federal claims. But I'm not sure I see any specific argument about the state. Am I wrong? I believe we didn't really have a statute that attacked it directly. But I think the appeal was based on grounds that the court decided that the dismissal wrongly. And therefore, I think that's how we sort of approached it. So I want to ask you a question because I want to ask your friend the same question. I want to give both sides a fair shot at it. I know there's some cases out there that suggest that district courts have the ability to dismiss. Once having determined they have no jurisdiction over the case, they nonetheless have the ability to dismiss pendant or supplemental state law claims because sending them back would be futile. But has the Supreme Court ever said that? I think it sort of hinted that that's probably wrong. I think what the defense did cite to was the Bell case, Bell v. City of Kellogg. And I think 25 years after Bell, in this circuit actually, in Polo v. Interventions International LLC, that court actually observed that the Bell rule may no longer be valid. You've asked the question better than I have. Is the Bell rule still valid? I think to an extent it's qualified. As under Polo, basically stated that Bell is valid only if the court can say conclusively that a state court would dismiss the case regardless. And I think the standard that they articulated was, let me just find the site. And the standard that they actually held was for the Bell rule to apply, a district court must have absolute certainty that a state court would simply dismiss the action on remand. And that's 833 F3D 1193 9th Circuit 2016. So I think, you know, so the court has to be absolute certain that it's valid. And that a state court would actually dismiss this action. And I think under these facts here in this case, that would not be the case. Do you want to save the rest of your time for rebuttal? I do. Okay. We'll hear from Mr. Karp. Good morning, Presiding Judge Ikuda, and may it please the Court. Dylan Karp for Defendant Appellee, U.S. Health Works. I'd like to first please address the district court's order denying plaintiff's motion to remand and then address the summary judgment order. Regarding the motion to remand, the district court was correct that plaintiff did allege a concrete injury sufficient to support Article III standing and therefore removal jurisdiction. It's undisputed that, of course, loss of money or property is a concrete injury. And plaintiff's unfair competition law claim, which is premised on the FCRA claim and analogous state law claims, alleges that plaintiff lost money or property because of defendant's alleged violations. The suggestion is that's a very legal conclusion and provides no indication about what caused that and doesn't reach the level of plausibility. What's your response to that? Judge Ikuda, we cited the Maya case from the Ninth Circuit for the proposition that courts presume that general allegations embrace those specific facts that are necessary to support the claim. And plaintiff's counsel, by signing the complaint and by never taking any steps to withdraw the allegation, certified under both state and federal law, that the allegation has evidentiary support. What do you do with the Iqbal Twombly line of cases? Had you filed a motion to dismiss the claim saying there's no plausible allegation here of real harm, wouldn't the district court have been obliged to grant that motion? Your Honor, I don't think this was briefed by Appelli, but I would cite the court to a case called, I believe it's either Luna v. Hansen at 956 F. 3rd, 1151 or Walker v. Fred Meyer, 953 F. 3rd, 1082. I can't recall if it's either or both, that stand for the proposition that when Article III standing is the issue, it's a 12B1 standard, not a 12B6 standard, and therefore Iqbal and Twombly do not apply. So deal with this alternative question I asked your friend. Maybe the complaint, let's assume for purpose of discussion, that the complaint plausibly alleges a real injury. They then file a motion to remand saying, hey, we have no injury. We don't claim any. At that point, presumably as a defendant, you're quite happy with that because they've now thrown away a whole bunch of their claims. Once they say we're not claiming any monetary or property injury, doesn't that end it? Doesn't that end the Article III standing issue? I don't think so, Your Honor, because we cited the court cases for the proposition that Article III standing on a motion to remand is viewed as of the time of the removal, used the time of the removal, not at the time of the remand or any later time. So the question was at the time of removal, was there an allegation of concrete injury? And putting this aside, there's an additional ground for Article III standing for a concrete injury. The district court didn't address this, but we asserted it below and again on appeal, which is that Plaintiff alleges that the allegedly noncompliant FICRA disclosure was ambiguous, unclear, inaccurate, inconspicuous, and distracting, which all support the inference that Plaintiff was allegedly confused by the allegedly noncompliant disclosure. So in Syed, the Syed court made that inference that the Syed was on a motion to dismiss. Isn't more necessary at the summary judgment stage? I don't see anything in Syed indicating that the analysis would be different at the summary judgment stage. Lujan says that we need to have facts that are adequate for that motion of the proceeding. And so for a summary judgment, someone would have to create a genuine issue material fact that the person was confused and did not consent. And so what sort of evidence in the record would support that? That would create a genuine issue material fact on that point. I don't think that's the legal standard, Your Honor. If the legal standard were we need to show there's no tribal issue of fact that the Plaintiff actually was confused in order to establish a concrete injury for Article III standing, we could never get summary judgment because at that point there would be no confusion and therefore no concrete injury, and therefore the case gets remanded. If that's all it was resting on, obviously that would not be the case if the person said I was confused and I didn't consent and you have a declaration and there's some evidence in the record. The court did decide here on summary judgment, right? Well, the court granted summary judgment on the ground of statute of limitations, but the analysis for the denial of plaintiff's motion to remand, I think is based on the allegations and the complaint as of the time of removal. I have a question. In the record, the summary judgment record, there is a document that's RER 142 that a new associate checklist dated and signed apparently according to WASI July 26, 2013. Can you explain to me one of the checks, one of the items checked, a completed application and resume through virtual edge is virtual edge, the software program that basically contains the application and the choices of I agree or I don't agree. So I just needed clarification about what virtual edge was. Your Honor, that's my understanding that the new associate checklist referred to the online forms that we've submitted in the record, which include, which include the disclosure, the authorization and the application statement. Can I ask you about the utility doctrine, the opposing counsel sites, polo interventions, and of course the international problem. We read 1447 C which literally says there should all, it must be remanded or shall be remanded. Is there some California case directly on point for statute of limitations purposes that would make it absolutely certain that the state court would dismiss this case on remand? Your Honor, if I understand your question, I'm unaware of a ninth circuit case that is, that has a closely analogous facts court case, right? Because we have to be absolutely certain that the state court would dismiss this case in order to say that the futility doctrine applies. So I want to know what state case makes it absolutely certain on the statute of limitations issue or other issue. Your Honor. And I'm also unaware of a state court case with closely analogous facts on the statute of limitations issue. Oh, as I, as I understand the absolute certainty test, you don't need a case that's directly on point. You just, the, the nights, the federal court just needs to be absolutely certain that under the undisputed facts, the case would be dismissed. Was there any summary judgment evidence, excuse me, regarding when she, under what circumstances, she became aware of a credit report or a background check that is referred to indirectly in the checklist, the satisfactory completion of employment screening. She declared that she was, she never received anything, was not aware, but never did. I mean, it does not specify at the point are the circumstances like inside where he was reviewing his personnel file, but there's no such that I saw in the declaration, but was there something else somewhere that I missed that explained that yet? Yes, Your Honor. I believe that the district court was correct that the plaintiff had constructive notice, even if not actual notice, even if she never got a copy of the background report, but the plaintiff had constructive notice that U.S. health works did obtain a consumer report about her. The district court correctly held in my view that that date was July 26, 2013, the day of her first day of employment. As the district court correctly reasoned as of that day, all of the following had occurred. Plaintiff had accessed the online disclosure, which said that U.S. health works may obtain a consumer report about her in connection with her employment. Plaintiff had explicitly authorized U.S. health works to obtain a consumer report about her. Plaintiff had access the application statement and confirmed that any job offer would be contingent on her passing a satisfactory background check, including a criminal records report. Plaintiff had also received an offer letter saying the offer of employment is contingent on plaintiff satisfactorily completing a background check and plaintiff had signed the new higher checklist indicating, acknowledging the satisfactory completion of pre-employment screening. I understand you correctly. You're saying there's no state court case holding that that's enough for when the cause of action would accrue, but you're not aware of a state court case or holding. I'm aware of state court cases holding that the constructive knowledge standard applies to all of the analogous state statutes, but I'm not aware of a state law clay case with closely analogous facts. All right. Thank you. And we did argue below the district court didn't address it. We argued that we can on an appeal plaintiff didn't file a reply brief. So it didn't address the merits, but we also argued that summary judgment was appropriate on the merits because we complied with our statutory obligations. In particular, we provided a FICRA disclosure in writing that was clear and conspicuous and that consistent solely of the disclosure. And I'd be happy to address any questions the court may have about the merits. Otherwise, I want to, I want to ask you one other question about the remit. Let's assume a complaint alleges sufficient facts to establish article three standing. And then the plaintiff files an amended complaint, removing all those allegations and saying, gee, we've thought about it and we just don't have any real injury. Should the district court remand the case at that point? Has it lost article three jurisdiction at that point? My understanding, your honor, is it should not because the relevant inquiry. What case do you cite for the proposition that one can not, abandon in the course of the litigation, all claims of concrete injury? I don't know that the case I'm about to cite you, is that specific on to that point, but the case that we cited in our brief is the Kobold case, the ninth circuit holds that the relevant inquiry is at the time of removal. No, I understand that. I understand that. But I'm saying to you, I'm changing the facts in the case and saying, let's assume they filed an amended complaint. And in the amended complaint, they abandoned all article three contentions. Should the district court be required at that point, even on its own motion to remand the case for absence of jurisdiction? I would say no, your honor, under Kobold. Well, what do we do with 1447 C, which says. Before final judgment, it appears the district court lacks subject matter jurisdiction. The case shall be remanded. Yes, I understand that applies to, for example, the plaintiff were to file an amended complaint, withdrawing all federal causes of action. Then the district court would be, would be free at that time and it's discretion to dismiss, either dismiss, either to remand the remaining state law claims or to retain supplemental jurisdiction on state law claims. I'm not, I'm not aware of a case holding that that applies to article three standing. Hey, I think we have your argument. Um, thanks. Thank you for that. And I think you have a few minutes for a rebuttal. Your honors, I would like to address the documents that the plaintiff was allegedly provided with. Um, the key point being the offer letter, which the district court focused on the offer letter was actually an unsigned offer letter, not signed by the plaintiff. And so the district court grounded its analysis on the fact that because she got the offer letter, She was constructively held to notice that a background check would be ran on her. But if you look at the, the job application, it states that the, uh, the job offer is contingent upon a motor vehicle check, a credit check, and a criminal records check. Yet the disclosure says that they, the employer may conduct a background check. So you have documents that are saying different things, a, an application that says that can offer of employment is conditioned upon three kinds of background checks. Whereas the actual disclosure says that they may run a background check. So I think given that there's enough, um, disputed facts for the court to be able to construe that, that it should not be that the plaintiff should not be held to a constructive notice requirement, but rather whether she got actual notice. Even the new associate checklist is, is vague and ambiguous as to whether she was ever provided with just simply stating that a satisfactory completion of a pre-employment screening. We don't know whether she actually got a report, whether someone just simply told her she was simply, she passed the background check or whether she saw the report. There's nothing in the evidence that's submitted by defendant that would indicate that she actually became aware that a background check was actually run on her. Um, the other point that I would like to make is that, you know, defendants did cite to a case Maya versus Sentex. And I think in that case, it sort of stood for the preposition that, uh, allegations of economic harm is quintessential injury in fact, but that case came out years before Spokio. When Spokio came out, Spokio basically rewrote the standard that in an FCRA case, in order to allege, uh, injury, you must have some kind of concrete injury. And I think in our case, you know, we simply just elect that the plaintiff lost money or property without even explaining how that could have been. But, you know, if we walk through, you know, she was given a disclosure form that was defective. Other than that, the complaint does not allege any kind of injury. There's not an alleged facts that would show how we could even arrive at an injury. I think given the totality of the circumstance, I think, you know, the complaint just simply alleges a bare procedure violation. And under Spokio, um, it would require that the case be remanded for lack of article three standard. I would, I would, uh, submit the, my, my arguments and, uh, leave the rest of the time for, if you're honest, have any questions that I may answer. Any questions? None for me. Um, another question I have is regarding whether, uh, uh, you know, I just see that the declaration, she, uh, your client Bob was, uh, in 2019, but, uh, was there any reason that there was no mention made of the, the circumstances under which she became aware? Um, the, the circumstances that she became aware of was basically when we requested her personnel file, which she contacted our firm, uh, for a consultation, uh, and without getting into the details, that was when we discovered that there was a violation based on the, uh, the background report. I was just referring to the summary judgment evidence, whether there was anything in the summary judgment record as to the circumstances. No, your honor. All right. Thank you. All right. We thank both sides for their argument. The case of Katrina Rodriguez versus us. Health is submitted.
judges: Ikuta, Hurwitz, Tagle